# Winter *v.* City Council of Montgomery.

*Bill in Equity for Injunction against Municipal Corporation.*

1. *Excavations under side-walk, by permission of city authorities.*—A grant of permission by the municipal authorities of a city, to the owner of a building abutting on one of the principal streets, to make excavations under the side-walk for the purpose of utilizing the basement of his building, giving entrance to it from the street, and affording light and ventilation, is a mere license, revocable at the will of a subsequent municipal council, and has none of the elements of a contract.

2. *Same; injunction of trespass.*—If the grant of permission to make

·such excavation, and the expenditure of money in making it, vested any contract rights in the owner, the subsequent action of the city authorities in filling up the excavation, against his protest, is a mere trespass, for which reparation may be had in an action at law; and a ·court of equity will not interfere by injunction, unless irreparable injury is alleged and proved, or other special facts showing the inad-·equacy of legal remedies.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by Joseph S. Winter against the City Council of Montgomery, and sought relief as stated in the opinion of the court. The chancellor dismissed the bill, ·on demurrer, for want of equity; and his decree is here assigned as error.

THOS. H. WATTS, for appellant, cited *E. & W. Railway Co. v. E. T., Va. & Ga. Railroad Co.*, 75 Ala. 275; *Miller v. Mayor*, 47 Ala. 163; *Boulo v. N. O., M. & T. Railroad Co.*, 55 Ala. 480; *Coker v. Whitlock*, 54 Ala. 180; *Chambers v. Ala. Iron Co.*, 67 Ala. 353; *Nininger v. Norwood*, 72 Ala. 277; *Ogletree v. McQuaggs*, 67 Ala. 580; *Demopolis v. Webb*, 87 Ala. 659; *Graves v. Smith*, 87 Ala. 450; 3 Pom. Equity, §§ 1350–57.

J. M. FALKNER, *contra.*

WALKER, J.—It appears that the pavement on the Court Street and Dexter Avenue sides of the building described in the bill was taken up by the complainant many years ago, under permission granted by the City Council, the side-walk was excavated its entire width, the basement of the building was extended under the side-walk, and another pavement was built by complainant over the excavation. The matters complained of in the bill are, in brief, that the city authorities have removed the pavement and the structure thereunder erected by complainant, have filled in said excavation, and built a new and different kind of pavement; have excluded ·complainant from his use, in connection with and as a part of the building, of a portion of the side-walk which had been possessed and enjoyed by him for many years; and the bill shows that said property has been damaged, and its value depreciated, in consequence of the acts complained of. The purpose of the bill is to have the defendant enjoined from all further interference with complainant's use as a part of the property of that portion of the side-walk adjoining the building; that defendant be required to restore said side-walk and

[Winter v. City Council of Montgomery.]

the excavation thereunder to their former condition in reference to said building, and that damages be awarded to complainant for the alleged injuries to said property.

In *Winter v. City Council of Montgomery*, 83 Ala. 589, it was held, that there was nothing averred in the bill in that case to impart the qualities and elements of a contract to the authority granted by the defendant to the complainant to make said excavation under the side-walk, and to improve his property in connection therewith. We discover nothing in the averments of the bill in this case to authorize the treatment of that authority as a contract. Conceding, however, that complainant's right to the use of the excavation under the side-walk, and of portions of the side-walk in connection with the building, were secured to him by contract, and that the acts of the defendant which are complained of were wrongful and wholly unauthorized; still, we are unable to discover any ground for equitable relief. Upon no construction of the bill, as amended, can it be claimed that anything more is shown than the commission by the defendant of wrongs or torts, involving damage to property. That damage may be ascertained, and reparation therefor had, in a court of law. Though the necessity of keeping corporations from overstepping their delegated powers may justify the issuance of an injunction on a state of facts, which, in the absence of this special feature, would not authorize such extraordinary remedy; yet, even in such a case, the court will not intervene by injunction when there is a failure to show that a court of law can not afford all necessary relief.—*East & West R. R. Co. v. East Tenn., Va. & Ga. R. R. Co.*, 75 Ala. 275. In the bill as amended in this case there is no averment of irreparable injury, and, on the facts as stated, it is plain that the alleged injury to the property is such as may be compensated for in a court of law by a judgment for damages. As there is no allegation of any special fact or circumstance affecting the adequacy of this plain legal remedy, the conclusion is inevitable that the bill as amended is without equity.—*Cross v. Mayor*, 18 N. J. Eq. 305; *Holmes v. Jersey City*, 12 N. J. Eq. 310; 1 High on Injunctions, § 588.

Affirmed.